**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GLENN L. MANIGAULT,<br>*Plaintiff*,<br><br>v.<br><br>IOANA GRECEANU, et al,<br>*Defendants*. | )  3:24-CV-02027 (SVN)<br>)<br>)<br>)<br>)<br>)<br>)  September 24, 2025 |

**RULING AND ORDER ON MOTIONS TO DISMISS**

Sarala V. Nagala, United States District Judge.

In this removed action, Plaintiff Glenn Manigault sues Defendants Ioana Greceanu, the Connecticut Dental Health Partnership ("CDHP"), the Southwest Community Health Center ("SWCHC"), and Dynamical Dental Solutions, P.C. ("DDS") for dental malpractice in connection with a root canal procedure. Plaintiff's complaint, originally filed in Connecticut Superior Court, alleges state law claims of negligence against Defendants. Because the SWCHC and Greceanu were deemed Public Health Service employees pursuant to 42 U.S.C. § 233(g), the United States (the "Government") removed the action to federal court and substituted itself for Defendants Greceanu and the SWCHC. The Government has now moved to dismiss the complaint for lack of subject matter jurisdiction. Because the Court lacks jurisdiction to adjudicate Plaintiff's claims, the Court GRANTS the Government's motion to dismiss. And because that dismissal results in an absence of federal subject matter jurisdiction, the Court remands the case to Connecticut Superior Court.

### I. FACTUAL BACKGROUND

The Court accepts the following allegations in Plaintiff's state court complaint as true for the purposes of deciding the Government's motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On or about October 3, 2019, Plaintiff presented to Defendant Greceanu for a recommended root canal and application of crowns on Plaintiff's two rear molars. Compl., ECF No. 1-1 ¶ 11. The procedure was conducted at the SWCHC in Bridgeport, Connecticut. *Id.* ¶ 7. The procedure was commenced on October 3, 2019, but was not completed. *See id.* ¶¶ 11–12. More than two years later, on or about April 4, 2022, Plaintiff returned to the SWCHC to complete the procedure. *Id.* ¶ 12. While Plaintiff does not specify at which visit the following events occurred, Plaintiff alleges that Defendant Greceanu injected him fifteen times while attempting to numb his teeth ahead of the root canal procedure, but all these attempts failed. *Id.* ¶ 15a. As a result, Defendant Greceanu drilled into Plaintiff's rear molars without pain relief. *Id.* ¶ 15b. Following the procedure, Plaintiff experienced, *inter alia*, pain, headaches, difficulty eating and difficulty sleeping. *Id.* ¶ 15c–f. Acting *pro se*, Plaintiff filed his complaint in Connecticut Superior Court on July 3, 2024. *Id.* at 2.[1]

On December 23, 2024, the Government timely removed this action to federal court pursuant to 42 U.S.C. § 223(c). *See* ECF No. 1 at 1–2. The Government filed, and the Court approved, a motion to substitute itself for Defendants Greceanu and the SWCHC, because the action was to be deemed a tort action brought against the United States under the Federal Tort Claims Act, given that the SWCHC was a federally funded health center. *See* Mot. to Substitute Defs., ECF No. 2; Order, ECF No. 8. Presently pending before the Court are motions to dismiss filed by the Government, CDHP, and DDS. *See* Gov't Br., ECF No. 12-1; CDHP Br., ECF No. 51; DDS Br., ECF No. 62. Plaintiff, now represented by counsel, opposes the Government's and

---

[1] The Court takes judicial notice of the Superior Court Docket in order fully address the procedural history of this case. *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A.*, Inc., 146 F.3d 66, 70 (2d Cir. 1998) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."); *see also Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (courts may take "judicial notice of relevant matters of public record").

2

CDHP's motions to dismiss, s*ee* Pl.'s Gov't Op., ECF No. 23-1; Pl.'s CDHP Op., ECF No. 60, but failed to oppose DDS's motion to dismiss, despite being provided an extension of time to do so. *See* Orders, ECF No. 64.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a case for lack of subject matter jurisdiction. A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The Court may look to material outside of the pleadings when deciding a motion to dismiss for lack of subject matter jurisdiction. *Id.*

## III.    DISCUSSION

For the reasons explained below, the Court concludes it lacks subject matter jurisdiction to adjudicate Plaintiff's claim and thus grants the Government's motion to dismiss.

### A.    Administrative Exhaustion under the Federal Tort Claims Act

It is well-settled that the "United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019). The "waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction" in a case involving the United States. *Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Housing & Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

The Federal Tort Claims Act (the "FTCA"), which is "designed primarily to remove the sovereign immunity of the United States from suits in torts," operates as one such waiver. *Millbrook v. U.S.*, 569 U.S. 50, 52 (2013); 28 U.S.C. § 1346. The FTCA grants the district courts jurisdiction over "civil actions on claims against the United States, for money damages . . . or

personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1).

The Government's waiver of sovereign immunity under the FTCA is subject to a number of conditions, including that "a plaintiff must first file an administrative claim with the appropriate federal agency before suing for relief in federal court." *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004); *see also* 28 U.S.C. § 2675(a). Pursuant to this condition, a plaintiff must present his claim to the appropriate government agency and "await either a final administrative disposition or the passage of six months without such a disposition." *Bakowski v. Hunt*, 150 F. App'x. 19, 21 (2d Cir. 2005) (citing 28 U.S.C. § 2675(a)). "This requirement is jurisdictional and cannot be waived," and extends to "all suits, including those begun in state court." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). The administrative claim "serves the important statutory goal of putting the federal government on notice so that it can investigate the claim." *Gilvar v. U.S.*, 468 F. App'x. 31, 32 (2d Cir. 2012) (summary order). The plaintiff bears the burden of demonstrating that he exhausted administrative remedies before filing his FTCA suit. *Cooke*, 918 F.3d at 80.

The Court agrees with the Government that Plaintiff failed to exhaust administrative remedies, and thus the Court lacks subject matter jurisdiction over this action. First, as the Government notes, Plaintiff fails to plead that he presented a claim to the appropriate federal agency, as is required to invoke the FTCA's waiver of sovereign immunity. *See id.* (noting that the plaintiff bears the burden of establishing the existence of subject matter jurisdiction). In any event, a representative of the Department of Health and Human Services attests that there is no record of an administrative tort claim filed before initiation of this suit on behalf of Plaintiff in

4

relation to his dental care at the SWCHC by its employee Dr. Greceanu. *See* Torres Decl., Gov't Br., Ex. 1, ECF No. 12-2 ¶ 4. Thus, the Court concludes that Plaintiff failed to appropriately present the claim to the relevant federal agency, and that his failure to do so deprives the Court of subject matter jurisdiction.

Plaintiff, for his part, contends that he did not initially sue the United States, and thus claims the presentment requirement should be excused. As an initial matter, the Court cannot excuse a jurisdictional requirement. *Celestine*, 403 F.3d at 82. And although *Celestine* recognized the potential unfairness of requiring a plaintiff who does not know that the defendant is a federal employee to first present a claim to the relevant federal agency or risk dismissal of his lawsuit, it noted that amendments to the FTCA passed through the Westfall Act remedy this issue by allowing a plaintiff to present the claim to the federal agency within sixty days of dismissal of the civil action, if it is dismissed for failure to exhaust administrative remedies. *Id.* at 82–84; *see also* 28 U.S.C. § 2679(d)(5). Plaintiff argues that dismissal and post-dismissal presentment are inefficient, as the case would likely end up in the same posture, only after significant delay. *See* ECF No. 23-1 at 5. But the Court cannot simply ignore Second Circuit precedent and statutory directives in the name of expediency.

Nor is Plaintiff's argument that his state court complaint effectively put the federal agency on notice of his claim persuasive. In support of this contention, he cites to *Collins v. U.S.*, 996 F.3d 102, 111–12 (2d Cir. 2021), in which the Second Circuit explained that a claimant need not use any particular form to present his claim to the agency, as long as he presents enough information to allow the agency to "conduct an investigation and to estimate a claim's worth." (Citations omitted.) *Collins* does not hold, however, that a plaintiff can bypass the requirement to present the claim to an agency, or that a complaint filed in court appropriately puts the agency on

notice of the claim.  Indeed, the Second Circuit has held the opposite.  *Pinchasow v. United States*, No. 06-1139-CV, 2006 WL 3370714, at *1 (2d Cir. Nov. 20, 2006) (summary order) (holding that the plaintiff's state court complaint did not satisfy the presentment requirement); *see also Nin v. Liao*, No. 02 CIV. 8308 (JCF), 2003 WL 21018816, at *3 (S.D.N.Y. May 5, 2003) (same).

Next, Plaintiff's filing of an administrative claim on January 27, 2025, *after* this action was initiated in state court, does not suffice.  *See* Pl.'s Ex. B, ECF No. 23-1 at 27; *Cooke*, 918 F.3d at 80 (noting that the plaintiff must show he exhausted administrative remedies *before* filing suit); *see also* 28 U.S.C. § 2675(a) ("[a]n action *shall not be instituted* upon a claim against the United States for money damages [for negligence caused by an employee of the Government while acting within the scope of her employment] unless the claimant *shall have first presented the claim* to the appropriate Federal agency…") (emphasis added); *Nin*, 2003 WL 21018816, at *3.

Plaintiff also requests that the Court stay this action, rather than dismiss it, while Plaintiff's now-filed administrative notice proceeds with the relevant agency.  ECF No. 23-1 at 5–6.  This, too, is impermissible.  First, a district court cannot issue a stay of proceedings over which it has no subject matter jurisdiction.  *See Makarova*, 201 F.3d at 113 (noting that if a district court lacks statutory or constitutional authority to adjudicate a case, the case must be dismissed).  And even if this Court retained jurisdiction, when a FTCA case is filed prematurely, "before the administrative process has been exhausted—the claim should be dismissed, even if it might become ripe at a later date during the pendency of the action."  *Phillips v. United States Postal Serv.*, No. 23-819, 2024 WL 1613897, at *2 (2d Cir. Apr. 15, 2024) (summary order); *see also McNeil v. U.S.,* 508 U.S. 106, 112 (1993).  Issuance of a stay of the proceedings would also be fundamentally at odds with the statutory language of 28 U.S.C. § 2679(d)(5), which allows a plaintiff to remedy an administrative exhaustion failure "*after* dismissal of the civil action." (emphasis added).  To issue

a stay while Plaintiff exhausts his administrative remedies contravenes the clear remedial mechanism § 2679(d)(5) contemplates.

For these reasons, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's complaint, insofar as it alleges claims against the Government, and grants the Government's motion to dismiss.

B. Remand

Having dismissed the Government from this action, the Court must confront whether the action can permissibly remain in federal court.  It concludes it cannot.

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  The basis for removal of this action from state court was the claims against the SWCHC and Greceanu which, after the substitution pursuant to the FTCA, became claims against the Government.  The dismissal of the Government eliminated the only properly-established basis for subject matter jurisdiction.

A dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "precludes a district court from exercising supplemental jurisdiction over related state claims."  *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996).  Further, there is no basis to believe that the Court would have diversity jurisdiction, as Plaintiff appears to be a citizen of Connecticut and the remaining Defendants, likewise, appear to have their principal places of business in Connecticut, based on their service addresses.  *See* ECF No. 1-1 at 1.  Nor does the complaint allege that the amount in controversy exceeds $75,000.  *See id.* (checking box for amount in controversy being only $2,500 or more).

Accordingly, the action shall be remanded to Connecticut Superior Court.  *See Stark v. Tryon*, 171 F. Supp. 3d 35, 39, 42 (D. Conn. 2016); *Spina v. Lu Feng Liu*, 541 F. Supp. 3d 426, 434 (S.D.N.Y. 2021) (collecting cases).

## IV. CONCLUSION

For the reasons described herein, the Government's motion to dismiss is GRANTED. Because this Court lacks jurisdiction over the remaining state law claims, the action must be remanded to state court. *See* 28 U.S.C. § 1447(c). The Court also DENIES as moot CDHP's and DDS's motions to dismiss. *See Stark*, 171 F. Supp. 3d at 42 (denying additional motions to dismiss as moot when the court lacked subject matter jurisdiction to rule on substantive motions). The Clerk is directed to remand this action to Connecticut Superior Court.

**SO ORDERED** at Hartford, Connecticut, this 24th day of September, 2025.

         */s/ Sarala V. Nagala*
         SARALA V. NAGALA
         UNITED STATES DISTRICT JUDGE